**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTOPHER ZAPOLSKI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:24-cv-111 |
| | ) | |
| v. | ) | |
| | ) | Chief Magistrate Judge Patricia L. Dodge |
| TROOPER RONALD GODEK, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION[1]

Pro se plaintiff Christopher Zapolski ("Zapolski") brings this civil rights action against Pennsylvania State Trooper Ronald Godek ("PSP Godek"). Zapolski's claims arise from the events surrounding his April 2022 arrest and subsequent interrogation in Erie County, Pennsylvania.

Pending before the Court is a motion for summary judgment (ECF No. 62) filed by PSP Godek. For the reasons that follow, the motion will be granted.

## I. Relevant Procedural History

Zapolski commenced this action in April 2024, alleging violations of his Fourth, Fifth, and Fourteenth Amendments, and common law intentional infliction of emotional distress ("IIED"). The Complaint initially named PSP Godek, Kent Loucks ("PSP Loucks"), Gregory Reichart ("ADA Reichart"), and an additional John Doe Defendant. (ECF No. 5.)

PSP Godek and PSP Loucks (collectively "PSP Defendants") filed a motion to dismiss or, in the alternative, to stay the proceedings pending resolution of Zapolski's underlying state

---

[1] In accordance with 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct all proceedings in this case. (ECF Nos. 2, 24, 38.) The undersigned therefore has the authority to decide dispositive motions and enter final judgment.

criminal charges. (ECF Nos. 13, 16.) ADA Reichart separately moved to dismiss the Complaint. (ECF Nos. 29, 30.)

Zapolski filed a single response which the Court construed as responsive to both motions. With respect to PSP Loucks, Zapolski stated that he did not object to "a dismissal in part to that claim if warranted." (ECF No. 34 ¶ 4.) He also did not object to staying the proceedings with respect to claims asserted against PSP Loucks and ADA Reichart but asked that the Court permit his Fifth Amendment claim against PSP Godek to proceed. (*Id.* at 2.)

The Court granted the PSP Defendants' motion in part and dismissed the Fourteenth Amendment claims with prejudice. Both motions to dismiss were otherwise denied without prejudice, but the Court did stay and administratively close the case pending final resolution of Zapolski's case in state court. (ECF Nos. 39, 40.)

On July 28, 2025, Zapolski moved to reopen this case after his state criminal charges resolved with a plea. He asked this Court to "reopen and address the Constitutional violation of his rights inflicted by Defendant Ronald Godek and John Doe Pennsylvania State Police for the clear cut [sic] Intentional Infliction of Emotional Damage inflicted during the Police Interview where his 5th Amendment right to remain silent was violated, coerced and threatened." (ECF No. 42 at 2.) The motion also asked that the Court "dismiss and remove from this action Defendants Kent Loucks and Gregory Reichart." (*Id.*)

The Court granted the motion and the case was subsequently reopened. (ECF No. 47.) All claims against PSP Loucks and ADA Reichart were dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) (ECF No. 46). A case management order was issued and the case proceeded to discovery. (ECF No. 48.) Zapolski supplemented his Complaint following the close of discovery, stating that the "Fictitious Defendants (John/Jane Doe) have not and will

not be named" and asked that they be terminated as a party. (ECF No. 56.) As a result, only the Fifth Amendment and IIED claims against PSP Godek remain.

PSP Godek has now moved for summary judgment, arguing that both claims asserted against him fail. (ECF No. 62.) The motion has been fully briefed (ECF Nos. 63, 64, 65, 67, 68), and is ready for disposition.

## II. Material Facts[2]

On April 10, 2022, PSP Godek filed a criminal complaint charging Zapolski with robbery, terroristic threats, and theft by unlawful taking. (ECF No. 64 ¶ 4.) PSP Godek also attached an affidavit of probable cause setting forth the basis for the charges. (*Id.* ¶ 5.) Each page of the criminal complaint bears multiple timestamps, the earliest of which states "Apr. 10. 2022 3:13PM[.]" *See* ECF No. 65-1 at 6.

According to PSP Godek's affidavit, Pennsylvania State Police ("PSP") Erie was notified of an armed robbery at a Dollar General store in Waterford, Pennsylvania on April 9, 2022. (ECF No. 64 ¶ 6.) Witnesses described the perpetrator as a white male wearing a brown jacket, dark hoodie, jeans, and boots. (*Id.* ¶ 7.) The description of the perpetrator and modus operandi matched several other robberies of Dollar General locations that PSP Erie had been investigating over the prior three weeks. (*Id.* ¶ 11.) Surveillance footage from all of the robberies showed the suspect fleeing the scene in a white Audi A3/A4. (*Id.* ¶ 13.)

PSP troopers responding to the Waterford scene passed a white Audi A4 traveling at a high speed. (*Id.* ¶ 14.) The car was located at a nearby gas station and identified as belonging to Zapolski, a white male who matched the suspect's description. (*Id.* ¶¶ 15-19.) Upon entering the gas station, PSP was told by witnesses that someone had run out the back door. (*Id.* ¶ 21.) The

---

[2] The facts relevant to disposition of PSP Godek's motion are largely undisputed. Any relevant disputes are noted throughout. Only those facts relevant to the pending motion are set forth herein.

Audi was seized and towed back to PSP barracks. (*Id.* ¶ 22.) PSP troopers applied for and obtained a search warrant for the vehicle and later found the clothing worn by the Waterford robbery suspect in the trunk. (*Id.* ¶¶ 23-24.)

Based on the information in the criminal complaint, an arrest warrant was issued for Zapolski on April 10, 2022. (*Id.* ¶ 25.) Each page of the arrest warrant is timestamped "Apr 10 2022 03:32pm[.]" *See* ECF No. 65-3. Zapolski was arrested at his home later that day and transported to PSP Erie barracks where he was interrogated by PSP Godek. (*Id.* ¶¶ 31-32.) The interview began at 5:41 p.m. and lasted five hours and fifty-seven minutes.[3] (*Id.* ¶¶ 39, 42.) Zapolski initially agreed to speak to PSP Godek despite being advised of his Miranda rights. (*Id.* ¶¶ 40-41.) Eventually, he made incriminating statements about one of the robberies. (*Id.* ¶ 56.)

An application for a warrant to search Zapolski's home was filed on April 12, 2022. (*Id.* ¶ 26.) The affidavit of probable cause supporting the search warrant included at least some of the incriminating statements made by Zapolski during his interrogation. (*Id.* ¶¶ 32-33; ECF No. 65-3 at 2-3.)

On September 4, 2022, the Erie County Court of Common Pleas issued an opinion and order suppressing a large portion of Zapolski's interview. Specifically, the court found that he had unequivocally and repeatedly invoked his right to remain silent and did not subsequently restart the conversation. As a result, the court suppressed all statements made after 1:16:45 of the interview. (ECF No. 65-6 at 5-6.) Zapolski ultimately entered a guilty plea to one count of robbery on July 7, 2025. (ECF No. 64 ¶ 63.)

---

[3] The Court received and reviewed a full audio/visual recording of Zapolski's interrogation. *See* ECF No. 64 ¶ 65.

## III. <u>Legal Standard</u>

The Federal Rules of Civil Procedure provide that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment may be granted, in whole or in part, against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In following this directive, a court must take the facts in the light most favorable to the non-moving party and must draw all reasonable inferences and resolve all doubts in that party's favor. *Hugh v. Butler Cty. Fam. YMCA*, 418 F.3d 265, 267 (3d Cir. 2005); *Doe v. Cty. of Centre, Pa.*, 242 F.3d 437, 446 (3d Cir. 2001).

Although courts must hold pro se pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), at the summary judgment stage a pro se plaintiff is not exempt from his burden of providing some affirmative evidence, not just mere allegations, to show that there is a genuine dispute for trial. *See, e.g.*, *Barnett v. NJ Transit Corp.*, 573 F. App'x 239, 243 (3d Cir. 2014) (holding pro se plaintiff still

"required to designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories . . . sufficient to convince a reasonable fact finder to find all the elements of her prima facie case") (quotation omitted); *Siluk v. Beard*, 395 F. App'x 817, 820 (3d Cir. 2010) ("[T]he right of self-representation does not exempt a party from compliance with relevant rules of procedural law."); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (holding pro se plaintiff "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.").

## IV. <u>Discussion</u>

As stated above, only Zapolski's Fifth Amendment and IIED claims against PSP Godek remain. Each claim will be addressed in turn.

### A. Fifth Amendment claim

Zapolski alleges that PSP Godek violated his Fifth Amendment right against self-incrimination by continuing to interrogate him after he repeatedly invoked his right to remain silent during the custodial interrogation. (ECF No. 56 at 2.) PSP Godek argues that, even assuming the interrogation violated *Miranda*, the claim fails as a matter of law under controlling Supreme Court and Third Circuit precedent because Zapolski's statements were not used against him at trial. (ECF No. 63 at 4-6.)

The Fifth Amendment, made applicable to the states by the Fourteenth Amendment, requires that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The Supreme Court has long held that the mere coercion of a statement does not establish a violation of the Self-Incrimination Clause absent use of the statement in a criminal case. *Chavez v. Martinez*, 538 U.S. 760, 766-67 (2003). As the Third Circuit has explained, violations of *Miranda*'s procedural safeguards, standing alone, do not establish a

constitutional violation that would be actionable under 42 U.S.C. § 1983. *Giuffre v. Bissell*, 31 F.3d 1241, 1256 (3d Cir. 1994). Rather, it is the use of compelled statements during a criminal trial, and not merely their use in obtaining criminal charges, that violates the Constitution. *Renda v. King*, 347 F.3d 550, 557-59 (3d Cir. 2003).

In *Renda*, the Third Circuit rejected a § 1983 claim where police obtained statements in violation of *Miranda* and used those statements to develop probable cause sufficient to bring criminal charges. Although the statements were later suppressed, the Court held that the use of the statements to initiate criminal proceedings was insufficient to establish a Fifth Amendment violation because the statements were never introduced against the plaintiff at trial. *Id.* at 559 ("To the extent that *Chavez* leaves open the issue of when a statement is used at a criminal proceeding, our prior decision in *Giuffre* compels the conclusion that it is the use of coerced statements during a criminal trial, and not in obtaining an indictment, that violates the Constitution.") (citation omitted). That rule controls here.

Although Zapolski contends that PSP Godek incorporated "unconstitutionally coerced statements extracted from Plaintiff into the affidavit of probable cause to initiate judicial proceedings and secure pretrial detention" (ECF No. 67 at 3), the undisputed chronology contradicts that assertion. As already stated, PSP Godek filed the criminal complaint, supported by the affidavit of probable cause, and obtained an arrest warrant on April 10, 2022. Zapolski was apprehended pursuant to that warrant before being transported to the PSP Erie barracks and interrogated later that day. The criminal complaint, arrest warrant, and recording of the interview are all timestamped, confirming that they occurred in that order. Thus, the allegedly coerced statements obtained during PSP Godek's interrogation of Zapolski could not have supplied the basis for the original criminal complaint or the arrest warrant.

The record does, however, reflect that some of the statements from the interview were referenced in a later search warrant application filed on April 12, 2022. *See* ECF No. 65-3. Zapolski has nevertheless failed to identify any evidence that the statements were introduced against him at trial or used in a judicial proceeding to adjudicate his guilt. The statements were suppressed, and his criminal case ultimately concluded through a guilty plea. Nothing in the summary judgment record establishes that the suppressed statements were introduced against him in connection with that plea.[4]

Zapolski also argues that the state suppression court's findings preclude PSP Godek from disputing the constitutional violation. *See* ECF No. 68 at 2-3. Under 28 U.S.C. § 1738, federal courts must give state-court judgments the same preclusive effect they would receive under the law of the rendering state. *Allen v. McCurry*, 449 U.S. 90, 96 (1980). The Third Circuit has recently reiterated that federal courts "look to state law to determine when to apply this doctrine" and Pennsylvania courts required the party asserting issue preclusion to establish four elements:

> (1) an issue decided in a prior action is identical to the one presented in a later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Adelphia Gateway, LLC v. Pennsylvania Envtl. Hearing Bd.*, 62 F.4th 819, 825 (3d Cir. 2023), 62 F.4th at 826 (quoting *Rue v. K-Mart Corp.*, 713 A.2d 82, 84 (Pa. 1998)).

Even assuming the state court's findings concerning Zapolski's invocation of his right to remain silent are entitled to preclusive effect, those findings do not resolve the dispositive issue here. The suppression court determined that Zapolski invoked his right to remain silent and that

---

[4] Zapolski's reliance on *Higazy v. Templeton*, 505 F.3d 161 (2d Cir. 2007), is unavailing. *See* ECF No. 68 at 3-4. *Higazy* is not binding on this Court, and its broader interpretation of the constitutional-use requirement cannot displace the Third Circuit's holding in *Renda*.

later-made statements should be suppressed. The court did not determine whether those statements were then used in a manner sufficient to give rise to an actionable violation of the Fifth Amendment. As a result, the collateral-estoppel doctrine is inapplicable here.

Accordingly, because Zapolski has failed to show that his statements were used against him in the manner required under *Chavez* and *Renda*, PSP Godek is entitled to summary judgment as to the Fifth Amendment claim.[5]

**B. IIED claim**

Zapolski alleges that PSP Godek used "extreme psychological tactics and threats" and "severe verbal abuse" to coerce his confession during the custodial interrogation. (ECF No. 56 at 3.) PSP Godek argues that Zapolski's IIED claim is barred by Pennsylvania sovereign immunity because he was acting within the scope of his employment. (ECF No. 63 at 6-7.)

As a Pennsylvania state trooper, PSP Godek is undisputedly an employee of the Commonwealth. Commonwealth employees are entitled to immunity on claims asserted against them in both their *official and individual* capacities under Pennsylvania law, which provides "the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa. Cons. Stat. § 2310; *Mitchell v. Luckenbill*, 680 F. Supp. 2d 672, 682 (M.D. Pa. 2010) ("Even where a plaintiff asks for monetary damages against a defendant in his individual capacities, sovereign immunity applies.").

There are ten exceptions to sovereign immunity, none of which apply here. 42 Pa. Cons. Stat. § 8521(a), § 8522(b). Thus, as long as PSP Godek was acting within the scope of his

[5] PSP Godek also argues that he is entitled to qualified immunity with respect to the Fifth Amendment claim. The Court need not reach this argument.

employment at the time of the challenged conduct, he will be immune from liability on Zapolski's intentional infliction of emotional distress claim.

Scope of employment is determined according to Pennsylvania law. Pennsylvania applies principles from the Restatement (Second) of Agency to determine whether an employee's conduct is within the scope of his employment. *Justice v. Lombardo*, 208 A.3d 1057, 1067 (Pa. 2019). *See also Brumfield v. Sanders*, 232 F.3d 376, 380 (3d Cir. 2000). As summarized in *Schell v. Guth*, 88 A.3d 1053 (Pa. Commw. 2014), the applicable criteria to resolve scope-of-employment issues are:

> Conduct of an employee is within the scope of employment if it is of a kind and nature that the employee is employed to perform; it occurs substantially within the authorized time and space limits; it is actuated at least in part, by a purpose to serve the employer; and if force is intentionally used by the employee against another, it is not unexpected by the employer.

*Id.* at 1067. *See also Brumfield*, 232 F.3d at 380.

Conversely, an employee's actions are not within the scope of their employment if they are "different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." *Justice*, 208 A.3d 1057, 1067 (Pa. 2019) (quoting Restatement (Second) of Agency § 228(2)).

Here, the undisputed record establishes that PSP Godek was conducting an official criminal investigation when the alleged misconduct occurred. Interrogating a robbery suspect to obtain information relating to an active and ongoing investigation is plainly the type of conduct a state trooper is employed to perform. While the Court recognizes that the scope-of-employment inquiry is highly fact dependent, *see Justice*, 208 A.3d at 1068 (Pa. 2019) ("We have long held that whether a particular act of an employee is within the scope of his employment is ordinarily a question of fact for the jury."), the record contains no evidence that PSP Godek departed from the investigation to pursue a personal objective. Allegations that PSP Godek used abusive language, psychological

pressure, or improper interrogation techniques do not, without more, establish that he abandoned his investigative duties or acted for a purpose unrelated to his employment.

Accordingly, PSP Godek was acting within the scope of his employment and is entitled to sovereign immunity. Zapolski's IIED claim is therefore barred as a matter of law.[6]

## V. **Conclusion**

For these reasons, PSP Godek's Motion for Summary Judgment (ECF No. 62) will be granted.

An appropriate order will follow.

Dated: November 23, 2026

BY THE COURT:

/s/ Patricia L. Dodge
PATRICIA L. DODGE
CHIEF UNITED STATES MAGISTRATE JUDGE

[6] PSP Godek also argues that the IIED claim fails on the merits. The Court need not address this argument.